1   WESTON & McELVAIN LLP
    Randy M. McElvain (State Bar No. 137046)
2   Edmond Sung (State Bar No. 252445)
    601 South Figueroa Street
3   Suite 2350
    Los Angeles, California 90017
4   Telephone (213) 596-8000
    Facsimile (213) 596-8039
5
    Attorneys for Defendants Travelers
6   Property Casualty Insurance Company

7

8              UNITED STATES DISTRICT COURT

9          FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10

11

12  REJEANNE BERNIER, an individual,      CASE NO.
                                          11 CV 0078   JLS RBB
13              Plaintiff,
                                          NOTICE OF REMOVAL OF
14       vs.                              ACTION UNDER 28 U.S.C. § 1441
                                          (DIVERSITY)
15  TRAVELERS PROPERTY
    CASUALTY INSURANCE
16  COMPANY, Inc. a Connecticut
    corporation,
17
                Defendant,
18

19  TO THE CLERK OF THE ABOVE-ENTITLED COURT:

20       PLEASE TAKE NOTICE that Defendant Travelers Property Casualty

21  Insurance Company (hereinafter "Travelers") hereby removes to this Court, the state

22  court action described below.

23       1.   On October 29, 2010, an action was commenced in the Superior Court

24  of the State of California for the County of San Diego, entitled Bernier v. Travelers

25  Property Casualty Ins. Co., Case No. 37-2010 00103325-CU-IC-CTL (hereinafter

26  "State Action").  A true and correct copy of the State Action complaint is attached

27  hereto as Exhibit "1".

28

                              -1-
                    NOTICE OF REMOVAL

1    2.    Travelers removes this action to this division of the Central District

2   because the State Action was pending in the San Diego County Superior Court,

3   located in the Southern District.

4    3.    On December 16, 2010, Plaintiff served a copy of the Summons and

5   Complaint on Corporation Service Company, Travelers' agent for service of process

6   in California. Attached hereto as Exhibit "2" is a true and correct copy of the

7   Service of Process Transmittal Form from Corporation Service Company.

8    4.    This action is a civil action of which this Court has original jurisdiction

9   under 28 U.S.C. § 1332, and is one which may be removed to this Court by

10   Travelers pursuant to the provisions of 28 U.S.C. § 1441 and 28 U.S.C. § 1446(b) in

11   that it is a civil action between citizens of different states and the matter in

12   controversy exceeds the sum of $75,000.

13    5.    Defendant Travelers is, and at all relevant times herein was, a

14   Connecticut corporation, and maintains its principal place of business in Hartford,

15   Connecticut.

16    6.    As alleged in the Complaint, Plaintiff Rejeanne Bernier is, and at all

17   times relevant herein was, an individual residing at a location she describes as her

18   "home" in San Diego, California. (Exhibit "1", ¶¶ 2, 20.)

19    7.    Travelers is informed and believes that Plaintiff seeks an amount in

20   excess of $75,000. According to the State Action complaint, Plaintiff is covered

21   under a policy issued by the Travelers. (Exhibit "1", ¶ 1.) Plaintiff claims that an

22   unspecified "occurrence" caused a loss to her property and that as a result she paid

23   **"hundreds of thousands of dollars**... in relation to this entire incident." (Exhibit

24   "1", ¶¶ 9, 20.) [Emphasis added.]

25    8.    Attached hereto as Exhibit "3" is a true and correct copy of the

26   Summons served with the Complaint. Attached hereto as Exhibit "4" is a true and

27   correct copy of the Civil Case Cover Sheet filed by Plaintiff. Attached hereto as

28   Exhibit "5" is a true and correct copy of the Certificate of Service filed by Plaintiff.

1  Attached hereto as Exhibit "6" is a true and correct copy of the Notice of Case

2  Assignment issued by the Superior Court.  To Travelers' knowledge, the above-

3  referenced documents and the attached Exhibits 1 to 6 represent all of the notices,

4  processes, and proceedings in this case.

5

   DATED:  January 13, 2011                    Respectfully submitted,
6                                              WESTON & McELVAIN LLP

7

8

9                                              Randy M. McElvain
                                               Edmond Sung
10                                             Attorneys for Defendants Travelers
                                               Property Casualty Insurance Company

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT 1**

Rejeanne Bernier
6792 Maury Drive
San Diego, California 92119
Tel: (619) 466-9381

Plaintiff In Pro Per



2010 OCT 29  PM 12: 42

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN DIEGO, CENTRAL DIVISION

| | |
|---|---|
| Rejeanne Bernier, an individual, | Case No.   37-2010-00103325-CU-IC-CTL |
| Plaintiff, | **COMPLAINT FOR BREACH OF CONTRACTUAL DUTY TO PAY A COVERED INSURANCE CLAIM; BREACH OF THE IMPLIED OBLIGATION OF GOOD FAITH AND FAIR DEALING; BREACH OF CONTRACTUAL CONFIDENTIALITY** |
| v. | |
| Travelers Property Casualty Insurance Company, Inc., a Connecticut corporation, and DOES 1 through 20, inclusive, | Unlimited Jurisdiction Action (Amount Demanded Exceeds $25,000.00) |
| Defendants, | **JURY TRIAL DEMANDED** |

COMES NOW, plaintiff Rejeanne Bernier ("BERNIER"), an individual, for causes of action against defendants Travelers Property Casualty Insurance Company, Inc. ("TRAVELERS"), and DOES 1 through 20, inclusive, and alleges as follows:

1.      The damages complained of herein are based upon the breach of a contractual ("POLICY") duty to pay a covered insurance claim that was executed in the County of San Diego, State of California, within the jurisdiction of this central division of the San Diego Superior Court, therefore venue is proper in this Court. The peril insured against occurred in the County of San Diego, State of California, within the jurisdiction of this central division of the San Diego Superior Court, therefore venue is proper in this Court.

2.      Plaintiff BERNIER is, and at all times mentioned in this complaint, was an individual residing in the County of San Diego.

1

3.     Plaintiff is informed and believes, and on the basis of such information and belief, alleges that TRAVELERS is, and at all times mentioned in this complaint was, a Connecticut corporation duly authorized to engage in the business of providing insurance indemnification in the State of California.

4.     Plaintiff is informed and believes and on the basis of such information and belief alleges that Defendants DOES 1 through 20, inclusive, were and are at all times mentioned in this complaint involved and participated in the wrongful conduct which is the basis of this complaint. The true name and capacities, whether individual, corporate, associate, partnership or otherwise, of Defendants DOES 1 through 20, inclusive, are unknown to BERNIER at this time. BERNIER therefore sues these defendants by such fictitious names pursuant to the California *Code of Civil Procedure* § 474 and will seek leave of court to amend this complaint to show their true names and capacities when and if the same have been ascertained. BERNIER is informed and believes, and based on such information and belief alleges, at all times herein mentioned, each of the defendants sued herein as DOE was the agent, servant, contractor, and employee of the defendants and each is responsible in some manner for the events and occurrences referred to, and caused damages hereinafter alleged.

5.     Plaintiff is informed and believes and on such information and belief alleges that defendants DOES 1 through 20, inclusive, at all times mentioned in this complaint, were each the agents, authorized representatives and employees of each of the other remaining defendants, and in doing the things alleged in this complaint, defendants were acting within the course, purpose and scope of their agency and employment, with the knowledge, consent, and express and implied permission of the other defendants.

## FIRST CAUSE OF ACTION

(Breach of Contractual Duty to Pay a Covered Insurance Claim against TRAVELERS, and DOES 1 through 20)

6.     Plaintiff re-alleges and incorporates by reference herein each and every allegation contained in paragraphs 1 through 5, inclusive of all above allegations as if fully set forth herein and further alleges:

2

7.      On or about September 14, 2003, BERNIER executed a written all-risk homeowner's insurance POLICY with TRAVELERS, for a one (1) year term. BERNIER and TRAVELERS agreed to renew that same insurance POLICY, year after year, and said POLICY remains in effect to the present day.

8.      According to the POLICY, TRAVELERS was obligated to indemnify BERNIER from all homeowners' perils not specifically excluded from coverage in the POLICY, including but not limited to: malicious mischief and vandalism upon BERNIER's property. BERNIER complied with all terms and conditions of the POLICY, and stood by ready to comply with all terms and conditions of that POLICY, with exception to those POLICY terms and conditions which TRAVELERS prevented, deterred, or excused BERNIER from performing.

9.      On or about May 25, 2007, an occurrence ("OCCURRENCE") caused a loss to BERNIER's property. The OCCURRENCE was caused by a third party. At or about the time of the OCCURRENCE, BERNIER could not know of the POLICY's reasonable expectation of coverage for the resulting damages due to the limited facts available to BERNIER.

10.     Since the OCCURRENCE did not exhibit a prima fascia expectation of coverage, BERNIER needed to establish that the basis of the claim would be within the basic scope of the insurance POLICY coverage. *Aydin Corp. v. First State Insurance Co.* (1998) 18 Cal.4th 1183, 1188. On or about October 30, 2009, BERNIER discovered direct evidence of the third party's malice in causing the OCCURRENCE to BERNIER's property.

11.     BERNIER notified TRAVELERS of the covered insurance claim concerning the OCCURRENCE as swiftly as possible, and pursuant to the terms and conditions of the POLICY, on November 2, 2009. BERNIER is informed, believes, and thereupon alleges that TRAVELERS did not suffer prejudice which, with sooner notice of the covered insurance claim, would have substantially reduced or eliminated TRAVELERS' liability, or enabled TRAVELERS to settle said claim for a substantially smaller amount.

12.     Conversely, TRAVELERS needed to establish that BERNIER's claim was specifically excluded. *Id.* TRAVELERS denied said claim with an internal routing objection, and attempted to invoke TRAVELERS' one (1) year lawsuit exclusionary POLICY clause.

3.

BERNIER'S COMPLAINT FOR BREACH OF CONTRACT & IMPLIED GOOD FAITH AGAINST TRAVELERS

13.   BERNIER replied by establishing a valid exception to TRAVELERS' one (1) year lawsuit exclusionary POLICY clause as mentioned above. BERNIER thereafter further replied to TRAVELERS' internal routing objection by filing a distinctly separate insurance claim concerning said specific OCCURRENCE, with permission from one of TRAVELERS' claims processing representatives.

14.   Instead of diligently investigating BERNIER's claim, TRAVELERS ignored BERNIER's evidence in support of the claim, sought only to discover evidence to defeat the claim, and ultimately summarily denied the claim with prejudice and with an exact repetition of TRAVELERS' original denial, which BERNIER had already addressed.

15.   TRAVELERS failed to specifically address each and every exception BERNIER had established in her reply to TRAVELERS' internal routing objection and its one (1) year exclusionary POLICY lawsuit clause.

16.   As a direct and proximate result of TRAVELERS' breach of its contractual duty to pay a covered insurance claim, BERNIER has been damaged over $25,000.00 and within the jurisdiction of this Court, in an amount reasonably necessary to repair all damages intentionally caused by said third party upon BERNIER's property within the limits of the insurance POLICY, or in an amount according to proof at trial together with prejudgment interest.

## SECOND CAUSE OF ACTION

(Breach of the Implied Obligation of Good Faith and Fair Dealing against TRAVELERS, and DOES 1 through 20)

17.   Plaintiff re-alleges and incorporates by reference herein each and every allegation contained in paragraphs 1 through 16, inclusive of all above allegations as if fully set forth herein and further alleges:

18.   TRAVELERS' denial of BERNIER's POLICY benefits was unreasonable and without just cause, because TRAVELERS:

a:   Ignored documentary and percipient evidence that the OCCURRENCE was caused by malicious mischief and vandalism.

/ / / / / /

4

b.    Sought only to discover unilateral evidence to defeat BERNIER's POLICY benefits.

c.    Summarily denied BERNIER's POLICY benefits without providing any evidence that BERNIER's claim was specifically excluded.

d.    Failed to address BERNIER's exceptions established in her response to TRAVELERS' summary denial with prejudice.

e.    Failed to demonstrate that TRAVELERS' allegation of an untimely notice of lawsuit within one (1) year of the OCCURRENCE, caused prejudice to TRAVELERS' obligation to pay BERNIER the POLICY benefits.

19.    TRAVELERS bears the burden of bringing itself within an exculpatory clause contained in its POLICY. *Clemmer v. Hartford Insurance Co.* (1978) 22 Cal.3d 865, 880. However, TRAVELERS has intentionally summarily denied BERNIER's POLICY benefits without providing BERNIER with any specific explanation.

20.    BERNIER informed TRAVELERS that BERNIER's home has been maliciously destroyed by a third party, and TRAVELERS has witnessed this destruction first hand. BERNIER informed TRAVELERS that BERNIER has paid hundreds of thousands of dollars to that responsible third party, other contractors in emergency expenses to re-seal her home, and to attorneys in fees and costs in relation to this entire incident. TRAVELERS refuses to pay BERNIER the insurance benefits in bad faith, and before BERNIER can enforce her POLICY benefits with litigation against TRAVELERS.

21.    TRAVELERS' failure to pay BERNIER the applicable POLICY benefits caused BERNIER to endure proximate damages in the form of mental suffering, anxiety, humiliation, and emotional distress resulting from BERNIER's continued uninhabitable and deplorable living conditions. BERNIER will establish and prove these additional general damages at trial.

22.    TRAVELERS' has acted in bad faith and with a wanton disregard of BERNIER's rights to obtain her righteous insurance POLICY benefits, which is meritorious of punitive and exemplary damages to be proven at trial.

/ / / / /

5

## THIRD CAUSE OF ACTION

(Breach of Contractual Confidentiality against TRAVELERS and DOES 1 through 20)

23.     Plaintiff re-alleges and incorporates by reference herein each and every allegation contained in paragraphs 1 through 22, inclusive of all above allegations as if fully set forth herein and further alleges:

24.     TRAVELERS was also contractually obligated to maintain the confidentiality of BERNIER's insurance file from, *inter alia*, said third party, for as long as the parties remained bound by the POLICY. TRAVELERS breached that confidentiality in violation of California's Insurance Privacy Protection Act §.791.13, by divulging BERNIER's confidential insurance file details and documents with said third party, without good cause.

25.     TRAVELERS did not obtain BERNIER's permission to share this information with said third party. Had TRAVELERS asked for permission to divulge this personal insurance information with said third party, BERNIER would have unequivocally refused.

26.     Said third party misused BERNIER's confidential insurance file details and documents in furtherance of a plot to violate BERNIER's constitutional right to a meaningful governmental petition. TRAVELERS' breach of confidentiality resulted in whole and in part, in direct and proximate damage to BERNIER in the form of an adverse State Court decision.

27.     As a direct and proximate result of TRAVELERS' breach of confidentiality, BERNIER has been damaged over $25,000.00 and within the jurisdiction of this Court, in damages to compensate BERNIER's resulting monetary loss from the adverse State Court decision, or in an amount according to proof at trial together with prejudgment interest.

*WHEREFORE*, BERNIER respectfully requests judgment as set forth below:

a.   For compensatory damages, special damages, and consequential damages in an amount over $25,000.00 and within the jurisdiction of this Court, or in an amount to be established at trial;

b.   For general damages to be established at trial;

c.   For prejudgment interest;

d.   For punitive and exemplary damages to be established at trial;

6

e.   For costs of the suit and attorneys' fees incurred;

f.   For such other further relief as the Court deems just and proper.

Dated:  October 29, 2010                    Respectfully submitted,


_Rejeanne Bernier_
Rejeanne Bernier.
Plaintiff In Pro Per

7

BERNIER'S COMPLAINT FOR BREACH OF CONTRACT & IMPLIED GOOD FAITH AGAINST TRAVELERS



**CORPORATION SERVICE COMPANY**

# Notice of Service of Process

SLM / ALL
**Transmittal Number: 8291621**
**Date Processed: 12/17/2010**

Primary Contact:      Pamela Hoff
                      The Travelers Companies, Inc.
                      385 Washington Street,  MC 515A
                      Saint Paul, MN 55102

| | |
|---|---|
| **Entity:** | Travelers Property Casualty Insurance Company<br>Entity ID Number  2317477 |
| **Entity Served:** | Travelers Property Casualty Insurance Company, Inc. |
| **Title of Action:** | Rejeanne Bernier vs. Travelers Property Casualty Insurance Company, Inc. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | San Diego County Superior Court, California |
| **Case/Reference No:** | 37-2010-00103325-CU-IC-CTL |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 12/16/2010 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Rejeanne Bernier<br>619-466-9381 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not
constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

EXHIBIT 3

SUM-100

# SUMMONS
## (CITACIÓN JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

2010 OCT 29 PM 12: 41

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Travelers Property Casualty Insurance Company, Inc., a Connecticut
corporation, and DOES 1 through 20, Inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Rejeanne Bernier, an individual.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol), o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>San Diego Superior Court, Central Division<br>330 West Broadway<br>San Diego, CA 92101 | CASE NUMBER:<br>*(Número del Caso):*<br>37-2010-00103325-CU-IC-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Rejeanne Bernier
8792 Maury Drive, San Diego, California 92119     Tel. No. (619) 466-9381

| DATE:<br>*(Fecha)* OCT 2 9 2010 | Clerk, by<br>*(Secretario)* A. RACELIS | , Deputy<br>*(Adjunto)* |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):

3. [X] on behalf of (specify): Travelers Property Casualty Insurance Company, Inc., a Connecticut corporation

    under: [X] CCP 416.10 (corporation)     [ ] CCP 416.60 (minor)
               [ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
               [ ] CCP 416.40 (association or partnership)    [ ] CCP 416.90 (authorized person)
               [ ] other (specify):
4. [ ] by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

**EXHIBIT 4**

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Rejeanne Bernier<br>6792 Maury Drive<br>San Diego, California 92119<br><br>TELEPHONE NO: (619) 466-9381    FAX NO.:<br>ATTORNEY FOR (Name): Plaintiff in Pro Per | CIVIL BUSINESS OFFICE 2D<br>CENTRAL DIVISION<br><br>2010 OCT 29  PM 12: 41<br><br>CLERK-SUPERIOR COURT<br>SAN DIEGO COUNTY, CA |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS: 330 West Broadway
CITY AND ZIP CODE: San Diego, California 92101
BRANCH NAME: Central Division

CASE NAME: Bernier v. Travelers Property Casualty Insurance, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>37-2010-00103325-CU-IC-CTL |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[✓] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[✓] monetary  b.[ ] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action (specify): 3
5. This case [ ] is [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: October 29, 2010

Rejeanne Bernier
(TYPE OR PRINT NAME)

*Rejeanne Bernier*
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

EXHIBIT 5

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address):
Rejeanne Bernier
8792 Maury Drive
San Diego, California 92119

TELEPHONE NO. (Optional): (619) 466-9381          FAX NO. (Optional):

E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): Plaintiff In Pro Per

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
☑ CENTRAL DIVISION, HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101
☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020
☐ EAST COUNTY DIVISION, RAMONA, 1428 MONTECITO RD., RAMONA, CA 92065
☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., SUITE, 1000, VISTA, CA 92081
☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910

| PLAINTIFF(S) Rejeanne Bernier | JUDGE Timothy Taylor |
| DEFENDANT(S) Travelers Property Casualty Insurance Company, Inc. | DEPARTMENT C-72 |
| CERTIFICATE OF SERVICE | CASE NUMBER 37-2010-00103325-CU-IC-CTL |

I certify under penalty of perjury under the laws of the State of California that all defendants named in the complaint of the above-entitled case have either made a general appearance or have been properly and timely served in compliance with SDSC Local Rule 2.1.5.

Date: December 27, 2010

Rejeanne Bernier
Type or print name

*Rejeanne Bernier*
Signature

NOTES:

If service cannot be effected on all defendants within 60 days of filing the complaint, DO NOT USE THIS CERTIFICATE. Instead, file the form CERTIFICATE OF PROGRESS (SDSC Form #CIV-144) stating the reasons why service has not been effected on all parties and what is being done to effect service.

THE FILING OF A GENERAL APPEARANCE BY A DEFENDANT DOES NOT DISPENSE WITH THE PLAINTIFF'S OBLIGATION TO FILE THIS DOCUMENT.

EXHIBIT   6

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS:  330 West Broadway<br>MAILING ADDRESS:  330 West Broadway<br>CITY AND ZIP CODE:  San Diego, CA 92101<br>BRANCH NAME:  Central<br>TELEPHONE NUMBER: (619) 450-7072 | |

PLAINTIFF(S) / PETITIONER(S):    Rejeanne Bernier

DEFENDANT(S) / RESPONDENT(S):  Travelers Property Casualty Insurance Company Inc

BERNIER VS. TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY INC

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER:<br>37-2010-00103325-CU-IC-CTL |
|---|---|

Judge: Timothy Taylor                                    Department: C-72

**COMPLAINT/PETITION FILED:** 10/29/2010

---

### CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

---

SDSC CIV-721 (Rev. 11-06)                    NOTICE OF CASE ASSIGNMENT                    Page: 1

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Rejeanne Bernier | Travelers Property Casualty Insurance Company |

**(b)** County of Residence of First Listed Plaintiff   San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Connecticut
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

2011 JAN 14  AM 9: 30

'11 CV 0078    JLS RBB

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Pro per

Attorneys (If Known)

Weston & McElvain, LLP, 601 S. Figueroa St. #2350, Los Angeles, CA 90017; (213) 596-8000

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
      Plaintiff

☐ 3  Federal Question
      (U.S. Government Not a Party)

☐ 2  U.S. Government
      Defendant

☒ 4  Diversity
      (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                     and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1332 - Citizens of different states and amount in controversy exceeds $75,000

Brief description of cause:
Breach of Contract and Bad Faith

| VII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ 100,000.00 | CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes  ☐ No |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY | (See instructions): | JUDGE | DOCKET NUMBER |
|---|---|---|---|

DATE
01/13/2011

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #  22095   AMOUNT  $350.00   APPLYING IFP   JUDGE   MAG. JUDGE

01-14-11

JS 44 Reverse (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**   **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

      **(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

      **(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.**   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**   **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.**   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**     Example:     U.S. Civil Statute: 47 USC 553
                                 Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS022095
Cashier ID: nsiefken
Transaction Date: 01/14/2011
Payer Name: SAN DIEGO LEGAL SUPPORT
------------------------------------
CIVIL FILING FEE
 For: REJEANNE BERNIER V TRAVELERS P
 Case/Party: D-CAS-3-11-CV-000078-001
 Amount:        $350.00
------------------------------------
CHECK
 Check/Money Order Num: 96816
 Amt Tendered:  $350.00
------------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.
```