1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| REJEANNE BERNIER,<br><br>                    Plaintiff,<br>vs.<br><br>TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY, INC.,<br><br>                    Defendant. | CASE NO. 11-cv-78 JLS (RBB)<br><br>**ORDER: (1) GRANTING MOTION TO CONTINUE DEFENDANT'S FOR SUMMARY JUDGMENT; AND (2) VACATING HEARING**<br><br>(ECF No. 47) |
|---|---|

Presently before the Court is Plaintiff's ex parte motion to continue Defendant's motion for summary judgment. (ECF No. 47.) Also before the Court is Defendant's opposition (ECF No. 48) and Plaintiff's reply (ECF No. 49). The motion hearing on Defendant's motion for summary judgment is currently set for March 29, 2012, at the same time as Plaintiff's motion to remand the case to state court (ECF No. 43) is set for hearing.

As Plaintiff points out, a Rule 56(d) "continuance of a motion for summary judgment for the purposes of conducting discovery should be granted almost as a matter of course unless the non-moving party has not diligently pursued discovery of evidence." *Burlington N. Santa Fe R.R. Co. v. The Assiniboine and Sioux Tribes of the Fort Peck Reservation*, 323 F.3d 767, 773-74 (9th Cir. 2003) (interpreting former Rule 56(f), which was carried forward without substantial change into current Rule 56(d) in 2009). Plaintiff states that she has a pending motion before Magistrate

1  Judge Ruben B. Brooks to extend the discovery cut-off, and for other forms of discovery-related
2  relief.  (*See* ECF No. 37.)  Plaintiff alleges "newly discovered evidence of January 26, 2012"
3  directly relates to Defendant's statute of limitations defense.  (Reply 2.)  Defendant opposes
4  Plaintiff's motion on the grounds that Plaintiff was not diligent in pursuing discovery, "waited
5  literally to the last minute to conduct all of her depositions," and failed to bring this motion until
6  one month after the close of discovery.  (Def.'s Opp'n 3.)  Defendant also argues that Plaintiff has
7  not explained how the information she seeks would specifically relate to any opposition to
8  Defendant's motion for summary judgment.  (*Id.* at 4.)

9        The Court finds the liberal policy of Rule 56(d) towards allowing discovery-related
10 continuances for summary judgment motions dictates granting Plaintiff's motion here, especially
11 given that Plaintiff is proceeding pro se.  *See, e.g.*, *Berkeley v. Home Ins. Co.*, 68 F.3d 1409, 1414
12 (D.C. Cir. 19995) (describing "the usual generous approach toward granting" Rule 56(d) motions).
13 As the Supreme Court has noted, summary judgment should be entered "after adequate time for
14 discovery."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Here, Magistrate Judge Brooks
15 has not yet determined whether adequate time has been given for discovery.  Thus, the motion
16 hearing on Defendant's motion for summary judgment is **HEREBY VACATED** until after
17 Magistrate Judge Brooks has ruled on the pending discovery motion.  The Court will issue a
18 briefing schedule, setting a new hearing date, after Magistrate Judge Brooks' ruling on that
19 motion.  Further, the hearing set on Plaintiff's motion to remand is **HEREBY VACATED**, and the
20 matter is taken under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1).

21       **IT IS SO ORDERED**.

23 DATED: March 12, 2012

24                                 Honorable Janis L. Sammartino
25                                 United States District Judge