1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10

11   REJEANNE BERNIER, an              )  Civil No. 11cv0078 JLS(RBB)
     individual,                       )
12                                      )  ORDER DENYING PLAINTIFF'S EX
                       Plaintiff,       )  PARTE APPLICATION TO (1)
13                                      )  EXTEND DISCOVERY CUTOFF, (2)
     v.                                 )  SHORTEN TIME FOR A MOTION FOR
14                                      )  CONTEMPT OF COURT, (3) SHORTEN
     TRAVELERS PROPERTY CASUALTY        )  TIME TO COMPEL DOCUMENT
15   INSURANCE COMPANY, INC., a         )  PRODUCTION, AND (4) SHORTEN
     Connecticut corporation,          )  TIME FOR LEAVE OF COURT TO
16                                      )  AMEND PLAINTIFF'S COMPLAINT
                       Defendant.       )  [ECF NO. 37]
17   _____)

18                            INTRODUCTION

19        On January 31, 2012, Plaintiff, Rejeanne Bernier, filed an Ex

20   Parte Application to extend the discovery cutoff and shorten time

21   to file certain motions.  (Notice Ex Parte Appl., Jan. 31, 2012,

22   ECF No. 37).[1]  In her Application, she seeks to (1) extend the

23   discovery cutoff date, (2) shorten time for a motion to hold a

24   third-party witness in contempt and compel deposition testimony

25   from him, (3) shorten time for a motion to compel discovery from

26   _____

27        [1]  Because Bernier's Notice and Memorandum of Points and
     Authorities are not consecutively paginated, the Court will cite to
28   them using the page numbers assigned by the electronic case filing
     system.

1   the Defendant, and (4) shorten time for a motion to amend her

2   Complaint.  (<u>Id.</u>)  Defendant Travelers Property Casualty Insurance

3   Company filed its Opposition to Bernier's Ex Parte Application on

4   February 3, 2012.  (Def. Travelers Opp'n Ex Parte Appl. 1, Feb. 3,

5   2012, ECF No. 38.)  Shortly thereafter, Plaintiff filed her Reply.

6   (Pl. Rejeanne Bernier's Reply 1, Feb. 6, 2012, ECF No. 39.)

7        After reviewing the Ex Parte Application, Opposition, and

8   Reply, the Court concludes that the Plaintiff is not entitled to

9   the relief she requests.

10                               I.

11              <u>THE BASIS FOR AN EX PARTE MOTION</u>

12        Rejeanne Bernier is a pro se Plaintiff.  Courts liberally

13   construe the pleadings of pro se litigants and give them the

14   benefit of any doubt.  <u>See</u> <u>Hebbe v. Pliler</u>, 627 F.3d 338, 342 (9th

15   Cir. 2010) (quoting <u>Bretz v. Kelman</u>, 773 F.2d 1026, 1027 n.1 (9th

16   Cir. 1985)).  This Court has applied this principle to Bernier's

17   pleadings and other filings.  Nonetheless, "pro se litigants are

18   bound by the rules of procedure." <u>Ghazali v. Moran</u>, 46 F.3d 52, 54

19   (9th Cir. 1995).

20        Plaintiff has developed a pattern of filing ex parte motions.

21   She has not demonstrated that this request is a proper subject for

22   ex parte consideration.  "Ex parte applications are a form of

23   emergency relief that will only be granted upon an adequate showing

24   of good cause or irreparable injury to the party seeking relief."

25   <u>K. Clark v. Time Warner Cable</u>, No. CV 07-1797-VBF(RCx), 2007 U.S.

26   Dist. LEXIS 100716, at *2 (C.D. Cal. May 3, 2007) (citing <u>Mission</u>

27   <u>Power Eng'g Co. v. Continental Cas. Co.</u>, 883 F. Supp. 488, 492

28   (C.D. Cal. 1995)).  The moving party must be "without fault" in

creating the need for ex parte relief or establish that the "crisis
[necessitating the ex parte application] occurred as a result of
excusable neglect." Id.

An ex parte application seeks to bypass the regular noticed
motion procedure; consequently, the party requesting ex parte
relief must establish a basis for giving the application
preference. See Mission Power Eng'g Co. v. Continental Cas. Co.,
883 F. Supp. at 492. Bernier's pending Ex Parte Application [ECF
No. 37] fails this test. See, e.g., Family Home & Fin. Ctr., Inc.
v. Federal Home Loan Mortg. Corp., 461 F. Supp. 2d 1188, 1192 n.5
(C.D. Cal. 2006). "If the Court's pretrial schedule precluded
Plaintiffs from obtaining additional necessary discovery, their
remedy was to file a motion for relief from the Scheduling Order.
They did not do so and now cannot be heard to complain about the
unfairness of the Court-imposed deadlines." Id. (commenting on the
failure to diligently pursue discovery before summary judgment).

Plaintiff has failed to show that her multiple requests should
be considered on an ex parte basis. For that reason alone, the Ex
Parte Application should be denied. Nevertheless, the Court will
also address the merits of Bernier's Application.

II.

EXTENDING THE DISCOVERY CUTOFF DATE

Plaintiff identifies the current discovery cutoff date as
January 31, 2012. (Mem. P. & A. Supp. Ex Parte Appl. 3-4, Jan. 31,
2012, ECF No. 37.) The Court, however, on January 30, 2012,
extended that deadline to February 13, 2012. (Min. Order 1, Jan.
30, 2012, ECF No. 36.) Bernier seeks to modify that deadline in
order to file a motion to compel deposition testimony from a third-

3

party witness and, if her motion is granted, take the deposition.
(Mem. P. & A. Supp. Ex Parte Appl. 4, Jan. 31, 2012, ECF No. 37.)
She also intends to bring a motion to compel the production of
audio recordings and "communications." (<u>Id.</u>)  In her Reply,
Bernier adds that she would like to extend the discovery cutoff to
depose "those expert witnesses that neither TRAVELERS nor BERNIER
were able to depose in time . . . ." (Pl. Rejeanne Bernier's Reply
9, ECF No. 39.)

        This Court issued a Case Management Conference Order on March
4, 2011.  The Order provided that all discovery was to be completed
by October 31, 2011.  (Case Mgmt. Conference Order 1, ECF No. 10.)
That deadline has been extended twice.  The discovery cutoff was
extended until January 31, 2012, and the deadline for serving
requests for production of documents and interrogatories was
extended until November 29, 2011 [ECF No. 18].  On January 30,
2012, the Court granted the Defendant's Motion to Compel Answers to
Deposition Questions from Bernier and extended the discovery cutoff
for both parties to February 13, 2012.  (Min. Order 1, Jan. 30,
2012, ECF No. 36.)

        A.   <u>Moving to Compel the Production of Documents</u>

        On the last day for serving written discovery, November 29,
2011, the Plaintiff served her second request for production of
documents.  (Def. Travelers Opp'n Ex Parte Appl. 4, Feb. 3, 2012,
ECF No. 38.)  She sought "'[a]ny and all audio recordings defendant
Travelers Property Casualty Insurance Company, Inc. took of
Rejeanne Bernier at any time for any claim,' and repeated this same
request to TRAVELERS as it applies to any recording of Mr. Hans
Croteau." (Pl. Rejeanne Bernier's Reply 3, Feb. 6, 2012, ECF No.

1  3.)  The Defendant responded that it "'has been unable to locate
2  any responsive documents [or] recordings.'"  (Id.)

3        B.   Moving for Contempt and to Compel Deposition Testimony

4        On January 10, 2012, approximately one month before the
5  discovery cutoff, and ten months after the original Case Management
6  Conference Order, Plaintiff served a deposition subpoena on her
7  neighbor, Eric Boice, as a third-party witness.  (See Def.
8  Travelers Opp'n Ex Parte Appl. 4, Feb. 3, 2012, ECF No. 38.)
9  Boice's deposition was set for January 26th.  (Mem. P. & A. Supp.
10 Ex Parte Appl. 11, Jan. 31, 2012, ECF No. 37.)  "When asked to
11 raise his right hand to be sworn in, Mr. Boice replied that he
12 refused to do so, and did not want to get involved."  (Id.)  Boice
13 continued and said that he "would not testify;" he explained that
14 "Bernier and her son, Hans[,] have sued multiple members of his
15 family and his acquaintances."  (Def. Travelers Opp'n Ex Parte
16 Appl. 4, Feb. 3, 2012, ECF No. 38.)  In its Opposition, Travelers
17 emphasizes that it "had nothing to do with [Boice's] apparent
18 contempt for his neighbor or Bernier's failure to timely serve a
19 subpoena on this witness well in advance of the discovery cutoff."
20 (Id. (citation omitted).)  The Defendant argues, "Bernier
21 noticeably offers no explanation for delaying this deposition until
22 it became too late to enforce a subpoena."  (Id. (citation
23 omitted).)

24       Travelers observes that Plaintiff waited until January 6,
25 2012, to serve her first deposition notice.  (Id. at 6.)  The
26 following week she attempted to notice five percipient witness
27 depositions.  (Id.)  According to Travelers, "[Plaintiff] had known
28 about these witnesses since before this action was even filed.

Bernier has offered absolutely no legitimate reason for her failure to complete discovery in a timely manner." (Id.)

    C.   Expert Depositions

In her Reply, Bernier also asks to extend the discovery cutoff to depose "those expert witnesses that neither TRAVELERS NOR BERNIER were able to depose in time . . . ." (Pl. Rejeanne Bernier's Reply 9, Feb. 6, 2012, ECF No. 39.) She has not identified the expert witnesses she intends to depose, explained why she could not take their depositions by the discovery deadline, or stated how much of an extension she is requesting. Although Plaintiff gives the impression that Travelers joins in her request for an extension for expert depositions, notably, it opposes her Application. (Def. Travelers Opp'n Ex Parte Appl. 1, Feb. 3, 2012, ECF No. 38.)

III.

LEAVE TO AMEND THE COMPLAINT

Initially, the deadline for filing a motion to amend the Complaint was July 25, 2011. (Case Mgmt. Conference Order 2, ECF No. 10.) The Court extended the deadline to October 25, 2011. (Order Issuing Second Am. Case Mgmt. Conference Order 3, ECF No. 18.)

More than three months after the deadline for filing a motion to amend her Complaint, Bernier seeks to extend that deadline. She maintains that on January 26, 2012, she uncovered evidence of a conversation between Hans Croteau, her son, and Travelers. (Pl. Rejeanne Bernier's Reply 6, Feb. 6, 2012, ECF No. 39.) Bernier also asserts that another document, identified as "TR000508" and produced by Travelers on August 19, 2011, is evidence of

communications between Travelers and others concerning Plaintiff's 2007 rain damage claim (UMZ7908). (_Id._ at 3, 6.) Nevertheless, she argues that Travelers did not identify this document -- an October 3, 2007 letter from Bernier to Travelers -- as relating to her insurance claim for rain damage until January 4, 2012. (_Id._) Plaintiff maintains that her 2007 letter to Travelers is a basis for amending her Complaint in 2012 and alleging a cause of action against Travelers for failing to defend Bernier from "'any suit for the enforcement of payment under Forgery coverage.'" (_Id._ at 6.)

The Defendant points out, "[Plaintiff] has known about this alleged forgery and the cross-complaint since 2008, but she never tendered the claim to Travelers." (Def. Travelers Opp'n Ex Parte Appl. 7, Feb. 3, 2012, ECF No. 38.) The Defendant asserts that Bernier "has no explanation for why she is claiming a right to a defense duty in 2012 for a case that started in 2008 and was tried in 2009." (_Id._ at 8.)

The Plaintiff responds that document number TR000508 is "crucial evidence of notations defendant made on CROTEAU's allegations that there existed a written contract, versus BERNIER's clear contradictory claim that only an oral agreement had existed for what she had intended to be limited remodeling to her home." (Pl. Rejeanne Bernier's Reply 6, Feb. 6, 2012, ECF No. 39.)

The essence of Bernier's argument is that she discovered evidence to support a claim that Travelers had a duty to defend the superior court lawsuit her other son, Jessee Croteau, brought against her. Plaintiff argues that before January 4, 2012, when notes of a 2007 conversation between her son, Jessee, and a representative from Travelers were referenced by the Defendant,

Bernier did not know that she could assert that any written agreement presented by Jessee was a forgery.

IV.

AMENDING THE CASE MANAGEMENT ORDER

The deadlines for completing discovery, bringing discovery motions, and filing motions to amend Bernier's Complaint have passed.  Plaintiff is asking the Court to extend dates set in the Case Management Conference Order, extended in a Second Amended Case Management Conference Order, and extended again after a January 30, 2012 discovery hearing.

This case was filed in San Diego Superior Court on October 29, 2010, and removed to federal court on January 14, 2011.  (Notice Removal 1, ECF No. 1.)  The pretrial conference is upcoming; it is set for June 28, 2012.  (Order Issuing Second Am. Case Mgmt. Conference Order 6, ECF No. 18.)

Rule 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16 (b)(4).  The rule's "'good cause' standard primarily considers the diligence of the party seeking the amendment.  The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Johnson v. Mammoth Recreations, 975 F.2d 604, 609 (9th Cir. 1992) (quoting Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)).  "[T]he focus of the inquiry is upon the moving party's reasons for seeking modification.  If that party was not diligent, the inquiry should end." Id. (internal citation omitted); accord Coleman v. Quaker Oats Co., 232 F.3d 1271, 1295 (9th Cir. 2000).

8

Consistently, Bernier has prosecuted this lawsuit at her own pace.  Deadlines have not been taken seriously.  For example, the Court initially set August 29, 2011, as the date by which the Plaintiff was to designate experts.  (See Case Mgmt. Conference Order 2, ECF No. 10.)  On August 30, 2011, the day after Plaintiff's designation was due, she filed an ex parte application to extend her deadline to designate expert witnesses [ECF No. 13].  The Court granted her request and extended the deadline until September 9, 2011 [ECF No. 15].  But on September 12th, Bernier filed an ex parte application to extend all dates by ninety days, including the date to designate experts [ECF No. 16].  The Court, in large part, granted Plaintiff's request and issued a Second Amended Case Management Conference Order on September 19, 2011 [ECF No. 18].

On September 22, 2012, Bernier submitted another ex parte application to extend time [ECF No. 20].  This application was to extend time to file a motion to compel the production of documents.  The Defendant had responded to Plaintiff's request for documents on August 19, 2011, and the applicable Case Management Conference Order required that any motion to compel be brought within thirty days of the response.  (See Ex Parte Appl. 2, Sept. 22, 2012, ECF No. 20; Case Mgmt. Conference Order 1-2, ECF No. 10.)  Plaintiff did not attempt to meet with opposing counsel and confer about her discovery dispute until September 20, 2012; on that date, she presented defense counsel with two "meet and confer letters, totaling 30 single-spaced pages." (Def. Travelers Opp'n Ex Parte Appl. 2, Sept. 28, 2011, ECF No. 21.)  Travelers argued that Bernier had not shown good cause to grant the extension.  (Id. at

4.)   The Court agreed and denied Plaintiff's Ex Parte Application [ECF No. 22].

Although case management deadlines were set on March 4, 2011, Bernier did not notice any deposition until January 6, 2012, less than four weeks before the then-existing discovery cutoff of January 31, 2012.  The Court subsequently extended this date to February 13, 2012.  Nonetheless, Plaintiff finds herself unable to compel her neighbor to give deposition testimony or depose the Defendants' experts because the discovery cutoff has passed.  Her neighbor's deposition was scheduled for January 26, 2012.  Bernier does not explain why she did not act earlier.

Similarly, there is nothing in her Application or Reply that demonstrates any effort to depose Defendant's expert witnesses before the February 13, 2012 discovery cutoff.  Furthermore, the request for an extension of the discovery cutoff was first raised in Bernier's Reply, and courts generally decline to consider new arguments and claims raised for the first time in a reply memorandum.  See Martinez-Serrano v. INS, 94 F.3d 1256, 1259-60 (9th Cir. 1996); Sterner v. United States DEA, No. 05cv0196 JAH(POR), 2007 U.S. Dist. LEXIS 98103, at *47 (S.D. Cal. June 1, 2007).

Plaintiff served her second request for production on the last available date.  Travelers responded to her request for audio recordings stating that it "has been unable to locate any responsive recordings." (Def. Travelers Opp'n Ex Parte Appl. 3, Feb. 3, 2012, ECF No. 38.)  The Defendant states that it will provide the recordings if they are located.  (Id.)  Plaintiff simply does not believe Travelers.  Her disbelief is not good cause

10

1  to modify the pretrial schedule so that Bernier can file a motion

2  to compel the Defendant to produce audio recordings it cannot

3  locate.

4       Finally, Bernier's assertion that she has discovered a basis

5  to amend her Complaint to assert a new claim against Travelers is

6  not persuasive.  Here, too, she has not established that she acted

7  diligently.  The lawsuit she brought against her son Jessee, and

8  his counterclaim against her, were tried in 2009 before San Diego

9  Superior Court Judge William R. Nevitt.  (<u>See</u> Mem. P. & A. Supp. Ex

10 Parte Appl. 21, Jan. 31, 2012, ECF No. 37.)  The extended deadline

11 for filing a motion to amend the pleadings was October 25, 2011.

12 (Order Issuing Second Case Mgmt. Conference Order 3, ECF No. 18.)

13 Plaintiff's current arguments to add an allegedly newly discovered

14 claim come too late and are not credible.

15                          <u>CONCLUSION</u>

16      The history of this litigation and Bernier's actions

17 underlying the relief she seeks demonstrate that Plaintiff has not

18 been diligent.  Her Ex Parte Application to extend the discovery

19 deadline and shorten time so that she may (1) bring a motion for

20 contempt and to compel testimony from her neighbor, a third-party

21 witness, (2) seek to compel the production of audio recordings and

22 "communications," (3) depose expert witnesses, and (4) extend the

23

24

25

26

27

28

                              11

1  date by which she can file a motion to amend her Complaint to

2  assert a claim for failing to defend the superior court lawsuit

3  brought against her in 2008 and tried in 2009 is **DENIED**.

4

5  DATED:  March 19, 2012

6                                     Ruben B. Brooks, Magistrate Judge
                                      United States District Court

7  cc:
   Judge Sammartino
8  All Parties of Record